**Decided March 1, 1988**

357

COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS

COMMONWEALTH TRIAL COURT

| | |
|---|---|
| COMMONWEALTH OF THE NORTHERN<br>MARIANA ISLANDS,<br><br>        Plaintiff,<br><br>        vs.<br><br>MANUEL K. PANGELINAN,<br><br>        Defendant. | CRIMINAL CASE NO. 87-186<br><br><br><br>DECISION AND ORDER |

This matter came on for hearing February 22, 1988, on defendant's motion to suppress certain evidence obtained by the police simultaneous with and after defendant's arrest at the Sugar King Hotel, Saipan, on December 16, 1987.[1]

Defendant argued that his arrest without a warrant was unlawful and, therefore, all evidence obtained at his hotel room as well as evidence obtained thereafter, including defendant's

---

[1]The evidence sought for suppression does not include those evidence obtained from a search of defendant's residence in Garapan, which search was conducted pursuant to a search warrant issued by the court. Rather, defendant seeks to suppress those evidence obtained at the Sugar King Hotel, where defendant was located shortly after the residential search.

confession at the police station, should be suppressed. The theory relied on is that the arrest was made in violation of his rights under the Fourth Amendment to the U.S. Constitution, in that no warrant was obtained to effectuate his arrest, and the circumstances were such that the warrantless arrest do not fall within any of the exceptions permitted by law.[2]

The facts elicited at the evidentiary hearing show that on December 15, 1987, the police obtained a warrant to search the defendant's residence and that of David D. Kapileo in Garapan, as a result of information received from a citizen informant with respect to certain burglaries and thefts.

The following morning the police executed the warrant and confiscated certain items from the two residences. The defendant, however, was not at his residence, but his father told the police that defendant was at the Sugar King Hotel.

Two officers from the search team were dispatched to the hotel to look for defendant and search for more stolen items. They inquired from the hotel manager whether the defendant was a guest there and were told that he was not. The officers then

---

[2]The exceptions to the warrant requirement include consent, exigent circumstances, hot pursuit, stop and frisk, and searches incident to a lawful arrest. All searches without a valid warrant are unreasonable unless shown to be within any of the exceptions to the rule that a search must rest upon a valid warrant, and the burden is on the Government to show that the search comes within an exception. See generally Stoner v. California, 376 U.S. 483, 84 S.Ct. 889 (1964).

described the defendant, after which the manager said the guest in Room No. 4, registered under another name, fit the description given.

The two officers then went and knocked on the door to the room, but it was locked, and there was no response. They returned from the room, and subsequently the six (6) other members of the search team arrived. There was further conversation with the hotel manager, who then decided to open the door with the hotel's master key. The door opened a little, but the inside door latch was locked which prevented further opening.

The manager called the hotel's maintenance person to take off the door hinges, and the door was removed. Then the police immediately entered and found the defendant lying in bed. He was arrested and a number of items in the room within plain view were confiscated.

The defendant subsequently gave the police permission to drive his car to the police station where an inventory of the car trunk and glove compartment was made, uncovering further items believed stolen.

A few hours afterwards at the police station, defendant was interrogated, after waiving his Miranda rights. He confessed to certain burglaries and thefts.

The main issue which appears dispositive of this motion is whether the arrest of defendant without a warrant at the hotel, after the search of his residence, violated his Fourth Amendment rights.

The search warrant *issued by the court was directed* specifically to defendant's residence. It was supported by a probable cause affidavit that defendant appears to have committed certain burglaries and thefts. Such were felony offenses. He was not at his residence at the time of the search.

In <u>Payton v. New York</u>, 445 U.S. 573, 100 S.Ct. 1371 (1980), the Supreme Court ruled that the Fourth Amendment prohibits the police from making a warrantless and nonconsensual entry into a suspect's home in order to make a routine felony arrest, absent exigent circumstances. <u>Id</u>., 100 S.Ct., at 1378-1388.

The first question here is whether this case involves a routine felony arrest. The court finds that stolen items supporting the crimes of burglary and theft were found at defendant's residence. The police believed that other stolen items were with defendant. The police wanted to conduct a further search of defendant. None of the exceptions for a warrantless arrest of defendant at his hotel room appear present.

Clearly, there was no consent given by defendant for the police to enter his hotel room. He did not have any knowledge that his Garapan residence had just been searched. Neither has it been shown that defendant would flee. He had no means of getting out of the room other than through the front door. The police appeared able to surveil the hotel room while a warrant of arrest was obtained. There appears to have been sufficient time to obtain a warrant.

Further, there is no showing of exigent circumstances, such as the potential destruction of evidence as, for example, drugs. Neither is this a hot pursuit situation.

**361**

And if defendant were to have ventured out of his hotel room while an arrest warrant was being sought by the police, the officers remaining could lawfully have arrested defendant outside his room. See United States v. Watson, 423 U.S. 411, 96 S.Ct. 820 (1976), which ruled that warrantless arrest may be made in a public place on probable cause without exigent circumstances.

There was, under the circumstances, ample time to obtain a warrant either to arrest or to search. The likelihood that defendant would flee was minimal. The apparent purpose for the police going to the hotel was to arrest the defendant and to search the hotel room occupied for further evidence of felonies committed.

The Government's fear that evidence of the alleged crimes committed would be destroyed quickly and, therefore, there was exigency present, is unfounded. A substantial number of the items allegedly stolen were of a nature that are not susceptible to quick destruction. For example, some of the items allegedly stolen were cameras, binoculars, scuba gears, sunglasses, assorted jewelries, assorted dresswares, stereo equipments, etc. There is no showing of exigency.

The Government's argument that the removal of the door was not requested by the police and, therefore, the arrest of defendant and seizure of the items were lawful cannot stand. As far back as 1964, the Supreme Court in Stoner v. California, supra footnote 2, ruled that a hotel clerk cannot consent to the search of a hotel guest's room. A guest in a hotel room is entitled to constitutional protection against unreasonable

362

searches and seizures. That protection would disappear if it were left to depend upon the unfettered discretion of an employee of the hotel. Stoner, 84 S.Ct. at 893.

Since the instant case involves a routine felony arrest, the court finds that the arrest without a warrant was unlawful and constitutes a violation of his Fourth Amendment rights.

The court further finds that no consent to enter the hotel room was given by defendant; neither was consent delegated to the hotel manager and, therefore, all items seized at the hotel room should be suppressed. Further, all evidence obtained from defendant's car, including his confession at the police station are deemed to be "fruits of the poisonous tree," and should be suppressed. Therefore,

IT IS ORDERED that defendant's motion to suppress all evidence seized at defendant's hotel room, his car, and the confession obtained at the police station is hereby GRANTED and the same are ordered to be suppressed.

Dated at Saipan, MP, this 1st day of March, 1988.

Jose S. Dela Cruz, Associate Judge